**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MARQUISE MILLER,

    Plaintiff - Appellant,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE; OKLAHOMA STATE
DEPARTMENT OF EDUCATION;
OKLAHOMA CHILD AND ADULT
CARE FOOD PROGRAM; JENNIFER
WEBER; KASSANDRA REDELL,

    Defendants - Appellees.

No. 24-6252
(D.C. No. 5:23-CV-00876-SLP)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **FEDERICO**, Circuit Judges.
_____

Marquise Miller, proceeding pro se, appeals from the district court's dismissal

of his lawsuit alleging various claims against the Oklahoma State Department of

Education, the Oklahoma Child and Adult Care Food Program and two of its

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

employees, and the United States Department of Agriculture. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    Background

Miller operates a daycare in Oklahoma called Wonderfully Made Learning Center (the Learning Center). For several years, the Oklahoma Child and Adult Care Food Program (CACFP) reimbursed the daycare for meals it provided clients. The CACFP received meal reimbursement funding from the United States Department of Agriculture (USDA) through the Oklahoma State Department of Education (OSDE). At some point, the OSDE conducted a review and found the daycare was "Seriously Deficient" in its operation of the CACFP. R. at 489. The daycare and Miller were placed on the "National Disqualified List" (NDL), which prevented them from receiving USDA meal reimbursement contracts.

Based on these events, Miller sued the OSDE, CACFP, CACFP employees Jennifer Weber and Kassandra Redell in their individual capacities (collectively, with CACFP and OSDE, the State Defendants), and the USDA in October 2023, alleging claims under 42 U.S.C. § 1983 and the Administrative Procedures Act (APA). But Miller had already filed an unsuccessful action in August 2021 against the same defendants regarding the daycare's disqualification. *See Miller v. U.S. Dep't of Agric.*, No. CIV-21-850-SLP (W.D. Okla. Oct. 4, 2022) (*Miller I*). In *Miller I*, the same defendants moved for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and the Court granted their respective motions and dismissed the action. *See id.* Orders (Oct. 4, 2022), Dkt. Nos. 22, 23; Judgment (Oct. 4, 2022),

Dkt. No. 24.  Because the action appeared to be duplicative of *Miller I*, the district court ordered Miller to show cause why the new action should not be dismissed with prejudice.  Miller responded, and the district court determined he could proceed and provided him until March 23, 2024, to effect service.

Miller filed an Amended Complaint on March 15, 2024.  Prior to the answer deadline, the State Defendants moved to dismiss under Rules 12(b)(1) and 12(b)(6) (the State Motion).  Soon after, Miller began filing various motions, starting with a Motion to Take Judicial Notice of Adjudicative Facts.  But he did not respond to the State Motion.  Instead, shortly after the State Defendants' time to respond to his Amended Complaint expired, Miller filed a Motion for Entry of Default, which asserted the State Defendants failed to properly serve him the State Motion as the certificate of service was defective.  The State Defendants then moved to stay proceedings pending a ruling on the State Motion.  Again, Miller responded, contending the certificate of service was defective so he had no obligation to respond. The State Defendants next filed an Amended Certificate of Service for the State Motion that included Miller's last known address to cure any defect.  Miller, in turn, moved to strike the Amended Certificate of Service.  Briefing on the various pending motions proceeded.  Meanwhile, in May 2024, the USDA timely filed a motion to dismiss—also under Rules 12(b)(1) and 12(b)(6) (the USDA Motion).  Miller responded to that one.

On June 24, 2024, the district court denied Miller's motion to strike and provided him additional time to respond to the State Motion.  The district court also

struck the Motion to take Judicial Notice. On July 15, 2024, Miller filed a two-sentence response to the State Motion, objecting to it and saying the motion should be denied, with no argument.

In separate orders in November 2024, the district court granted the State Motion and the USDA Motion. This timely appeal followed.

## II.    Discussion

Miller challenges the district court's (i) grant of the USDA Motion; (ii) grant of the State Motion; (iii) denial of his Motion for Entry of Default; and (iv) decision to strike his Motion to Take Judicial Notice.[1] We affirm on all issues.

### A. The Motions to Dismiss

We review the dismissal of a complaint under Rule 12(b)(6) de novo, asking "whether the factual allegations in the complaint, if accepted as true, allege a plausible claim for relief." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1236 (10th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-57 (2007)). The standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

[1] Because Mr. Miller appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

We review a grant of a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) de novo "but review any factual findings underlying the dismissal for clear error." *Hennessey v. Univ. of Kan. Hosp. Auth.*, 53 F.4th 516, 527 (10th Cir. 2022). "We also review de novo the district court's dismissal based on sovereign immunity." *Id.* (internal quotation marks omitted).

## i. The USDA Motion

The district court determined that like in *Miller I*, sovereign immunity barred Miller's § 1983 claims, reasoning § 1983 applies only to state actors and does not waive the federal government's immunity. Miller did not assert negligence or reference the FTCA. But the district court again observed, like in *Miller I*, even liberally construing Miller's claims as negligence allegations under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), they still fail. He also failed to name the United States as the proper defendant. For Miller's claims under the APA, 5 U.S.C. § 702, the district court determined sovereign immunity barred any claims for money damages. The district court then dismissed the remaining APA claims because he failed to plead facts sufficient to show final agency action by the USDA. We discern no error in its reasoning.

### a. FTCA Claims

Despite not asserting an FTCA claim, Miller makes several arguments challenging the district court's decision on the construed FTCA claims. He contends requiring him to name the United States as the proper defendant undermines the general policy to construe pro se pleadings liberally. He then argues that Rule

5

12(b)(6) does not require him to provide facts sufficient to show the elements of the FTCA are satisfied. He also claims he did not need to exhaust administrative remedies because he is separate and distinct from the Learning Center. He appears to draw a conclusion from the OSDE-CACFP decision letter, without citing any authority, that it was optional for the Learning Center to appeal the proposed disqualification. He then contends the district court's order does not point to a statute that requires the Learning Center to plead the exhaustion of remedies.

We are not persuaded. We note that in *Miller I*, the district court dismissed the claims against the USDA for lack of jurisdiction because Miller had failed to properly name the United States as a defendant. So at the time he filed this lawsuit, he was on notice that he must do so in asserting an FTCA claim. We affirm for substantially the same reasons articulated in the district court's detailed and comprehensive order dated November 21, 2024.

### b. APA Claims

Miller argues that the district court erred by concluding he did not meet his burden to show any final agency action by the USDA. In support he again offers conclusory statements that the OSDE-CACFP letter suggests the administrative appeal process was optional and that he, as an individual, should not have been placed on the NDL as it was the institution that was charged as Seriously Deficient. Miller only points to actions taken by the CACFP and its employees, not the USDA. Again, we are not persuaded. And although his brief discusses inaction by one USDA employee, the Amended Complaint did not. Thus, we affirm for substantially

6

the same reasons articulated in the district court's detailed and comprehensive order dated November 21, 2024.

####    ii.    The State Motion

The district court granted the State Motion on the following grounds:  (1) the Eleventh Amendment barred Miller's official capacity claims under § 1983; (2) qualified immunity barred Miller's claims against Weber and Redell in their individual capacity; (3) the Amended Complaint did not allege that Weber and Redell violated Miller's constitutional rights; (5) the APA claim failed because the APA applies only to federal agencies and does not confer waiver to the State Defendants; and (6) the APA did not apply to claims against Weber and Redell in their individual capacities as the APA does not provide a cause of action against state actors.

Miller challenges the district court's substantive reasons for granting the State Motion.  He also argues the district court erred by allowing the State Motion to proceed.  But despite the district court's extension of time to respond to the State Motion, Miller did not substantively respond, so his arguments are waived, and we will not consider them.  *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128, 1130 (10th Cir. 2011) (concluding this court will deem waived and not consider intentionally relinquished or abandoned theories that could have been raised before the district court).

We now turn to Miller's central argument—whether the district court erred by allowing the State Motion to proceed.  His argument is two-fold.  First, he contends the State Defendants did not timely effectuate proper service of the State Motion on

him. Second, he argues the district court erred by allowing the State Defendants to file an Amended Certificate of Service without moving the court for an extension of time. He relies on these arguments in his challenge to both the State Motion and the denial of his Motion for Entry of Default.

Miller contends the State Defendants did not properly effectuate service because the certificate of service showed that the pleading was only served electronically and failed to show the pleading was mailed to him within the filing deadline. Miller also argues that Federal Rule of Civil Procedure 6(b) required the State Defendants to file a motion prior to re-serving a pleading, so it was improper for the district court to allow the Amended Certificate of Service. And because the State Defendants did not timely file the State Motion or obtain relief from the court to file it late when they filed the Amended Certificate of Service, his obligation to respond was never triggered.

The State Defendants argue they supplied an affidavit showing they mailed the State Motion to Miller's last known address at the time they filed it. They further contend the record shows Miller obtained the State Motion at that time. Finally, they assert that any defect did not prejudice Miller as the district court sua sponte provided an extension of time for him to respond.

At their core, the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "There is no provision in the federal rules that is more important than this mandate."

8

4 Wright & Miller, *Fed. Prac. & Proc.* § 1029 (4th ed. 2016 & Supp. 2025). Thus, it is "contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962).

The State Defendants timely filed the State Motion with the district court and produced an affidavit showing it was mailed to Miller on April 8, 2024.  Miller's contention that he was not served is undermined by other record evidence such as (i) his admission to obtaining the State Motion through the public filing system, *see* R. at 274 & Reply Br. at 17, and (ii) the fact that he responds to arguments in the State Motion in his other pleadings.  Nothing in the record shows Miller was prejudiced. Miller relies on a technicality to make his case.  Such reliance runs afoul of the spirit of the federal rules.

*B.  Entry of Default*

We review a district court's denial of a motion for entry of default for abuse of discretion.  *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).

Entry of default is only appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).  "Default judgments are not favored by courts." *Harvey v. United States*, 685 F.3d 939, 946 (10th Cir. 2012) (brackets and internal quotation marks omitted).  "[I]f [a] defendant appears and indicates a desire to contest the action, the court can exercise its

discretion and refuse to enter a default." 10A Wright & Miller, *supra*, § 2682. "This approach is in line with the general policy that whenever there is doubt whether a default should be entered, the court ought to allow the case to be tried on the merits." *Id*.

The district court determined entry of default was improper because "the State Defendants have not failed to plead or otherwise defend." R. at 452 (internal quotation marks omitted). And it rejected the notion that a "technical issue with service" amounted to unresponsiveness and reasoned that Miller did receive the State Motion and was given ample time to respond. *Id*. We agree. The record shows the State Defendants (i) timely filed a response to the Amended Complaint with the district court, actively indicating a desire to contest the action, and (ii) took efforts to resolve any defect in service by re-serving Miller once it became known that he may not have received the State Motion. Under these circumstances, we find no abuse of discretion.

*C. Judicial notice*

We review the district court's ruling to strike the Motion to Take Judicial Notice for abuse of discretion. *See State ex rel. Kobach v. U.S. Dep't of Interior*, 72 F.4th 1107, 1124 (10th Cir. 2023). "Under this standard we will not disturb the district court's decision unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id*. (internal quotation marks omitted).

The district court sua sponte struck the Motion to Take Judicial Notice without prejudice, concluding it was premature and improperly requested dispositive findings on disputed facts. It explained that findings of fact were not proper at this time because it had not entered a scheduling order, and the parties had not conducted discovery.

Miller challenges this ruling on the ground that Federal Rule of Evidence 201(c) mandates federal courts to take judicial notice of adjudicative facts when a party requests it and provides the necessary information. The State Defendants argue that the Motion to take Judicial Notice at the motion-to-dismiss phase was not proper, as a motion to dismiss is decided based on what is alleged in the complaint.

Although a "court may take judicial notice at any stage of the proceeding," Fed. R. Evid. 201(d), Miller's motion did not seek judicial notice of things "not subject to reasonable dispute," Fed. R. Evid. 201(b). Rather, he sought judicial notice of disputed facts—for example, that "it is unreasonable" to keep him on the NDL, R. at 120, and that "his name should have never been placed on the [NDL]," R. at 123. The district court correctly held that it would have been premature to resolve these factual disputes at the motion-to-dismiss stage. And its holding did not prejudice Miller, as the motion was stricken without prejudice. Under these circumstances, we find no abuse of discretion.

**III.    Conclusion**

We affirm the district court's judgment.

Entered for the Court


Carolyn B. McHugh
Circuit Judge